## Rounds *versus* Waymart Borough.

1. The Act of March 25th 1864 provided that the property of soldiers should be exempted from taxation, &c.; the Act of April 8th 1873, enacted that all real estate should be taxed, except certain classes specified, the property of soldiers not being one excepted, and laws inconsistent, &c., were repealed. *Held*, that the Act of 1864 was not repealed.

2. A general statute without negative words will not repeal a previous statute, which is special, although the provisions be different.

3. To repeal a previous statute requires a clear inconsistency between the two laws.

4. The Act of 1873, as bearing on the Act of 1864, construed.

March 16th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Wayne county :* Of January Term 1875, No. 238.

This was an amicable action and case stated, in which the borough of Waymart was plaintiff and Hubbel Rounds defendant. It was entered in the court below to February Term 1874.

The facts set out in the case were as follows :—

" Hubbel Rounds, the defendant, was a volunteer in the war of the rebellion, having enlisted * * * September 10th 1862, and continued in the service until the close of the war, July 1865. Rounds resides in the borough of Waymart. * * * He is assessed for personal property and real estate, and previous to the year 1873 had not been assessed, either on his real or personal property, with any bounty tax in said borough, by virtue of the provisions of the 4th section of the Act of March 25th 1864, Pamph. L. 86, viz.: ' All assessments heretofore made of taxes for the purpose of paying bounties, as aforesaid, be and the same are hereby legalized and made valid : Provided, that the property of non-commissioned officers and privates, in actual service in the United States army and navy, from this Commonwealth, or who died, or were permanently disabled in such service, or having been in such service for the space of one year and six months, were honorably discharged therefrom,' &c., ' shall be exempted from any taxation under the provisions of this act.'

" Bounty bonds were issued by said borough of Waymart, in March 1864, for the payment of which a tax has been levied against said Rounds for the year 1873, for which the borough claims to collect from him the sum of $6.72, which assessment is made both on his real and personal property. Rounds was honorably discharged from said service after having remained therein for over one year and six months."

By the 1st section of the Act of April 8th 1873, Pamph. L. 64, Br. Purd. Sup. 1820, pl. 1, " all real estate within this Commonwealth shall be liable to taxation for all such purposes as now are or hereafter may be provided by general laws, excepting only

[Rounds *v.* Waymart Borough.]

therefrom the classes of property specifically exempted from taxation;" and then naming the various kinds of property specifically, among which soldiers are not mentioned, nor the Act of March 25th 1864 : " and all laws or parts of laws inconsistent with the provisions of this statute, be and the same are hereby repealed."

The questions submitted to the court are : Does the Act of April 8th 1873 repeal the Acts of March 25th 1864, March 15th 1865, and March 30th 1866, as regards exemptions, and is the * * * defendant, Rounds, liable to pay the bounty tax as assessed against him, to wit, on his real and personal estate ? If the court should be of opinion that he is liable, then judgment be entered against the defendant, on the case stated, for the amount of the tax for which he is so liable on his real estate. But if the court are of opinion that he is not so liable, then judgment to be entered in favor of defendant.

The court (Dreher, P. J.), in delivering the opinion of the court, said :—

* * * " This Act of April 8th 1873 is so plain and unambiguous that it needs no interpretation. It interprets itself. '*All real estate* within this Commonwealth shall be liable to taxation for *all such purposes* as now is or may be provided by general laws ;' ' and all laws ,or parts of laws inconsistent with the provisions of this statute be and the same are hereby repealed.' The act excepts certain classes of property, but the property of persons who have been in the military service of the United States is not excepted. As bounty taxes are assessed, levied and collected by a general law, they clearly come within the provisions of this statute. The property of such persons was, by the prior acts authorizing taxation for payment of bounties, excepted from such tax ; but those acts, so far as they exempted real estate, are repealed by the express language of the Act of 1873, that ' all laws or parts of laws inconsistent with the provisions of this statute be and the same are hereby repealed.' The personal property of the defendant remains exempted from bounty tax, and therefore the tax assessed in this case on personal property is illegal, but the tax on real estate is legal. Let the judgment, therefore, be entered in the case stated in favor of plaintiff and against the defendant for the sum of $5.72, the amount of tax on defendant's real estate, with costs." * .* *

Judgment was accordingly entered against defendant for $5.72. He took this writ of error, and assigned for error the entering of this judgment.

*M. M. Thorpe* (with whom was *C. E. Lathrop*), for plaintiff in error.—General expressions in a statute are restrained, when it appears that it was the intention of the legislature to provide only for particular cases: Bank of N. America *v.* Fitzsimmons, 3 Binn.

356 ; Street v. Commonwealth, 6 W. & S. 209 ; Cadbury v. Duval, 10 Barr 270.　A general statute without negative words will not repeal a previous statute, although their provisions be different; Brown v. Commissioners, 9 Harris 37.

*G. G. Waller*, for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, May 8th 1876.

The error of the court below was in supposing that the Act of 8th of April 1873 repealed the exemption in the Bounty Acts of 1864–5–6.

The Act of 1873 provides that " all real estate within this Commonwealth shall be liable to taxation for all such purposes as now is or hereafter may be provided by general laws;" and it repeals all laws or parts of laws inconsistent therewith.　The court were of opinion that the exemption of the property of soldiers, as found in the Bounty Acts, was inconsistent with the provisions of the above recited act, and hence repealed by it.　We do not think so. A general statute, without negative words, will not be construed so as to repeal a previous statute, which is particular or special, though the provisions in the two may differ.　So, to repeal an express enactment requires a clear inconsistency between the two laws : Brown v. Commissioners, 9 Harris 37 ; Street v. Commonwealth, 6 W. & S. 209.　Applying the above rules to the question before us, and the Act of 1864 must stand unaltered, for this statute relates only to a particular subject, and cannot survive the occasion for which it was created.　Unless, therefore, we find in the Act of 1873 some words expressly negativing its provisions, we must treat it as untouched by the latter act.　Again, not only are the acts not inconsistent, but it is clear, from the wording of the Act of 1873, that it was not intended to affect any particular act, but rather to except all such from its provisions ; for it provided only against the exception of real estate that was then or might thereafter be liable to taxation *by general laws*.　As the soldiers' property was not then taxable by any general law for bounty purposes, and as the exemption is found in a particular act not affected by the Act of 1873, we may, we think, safely conclude that the general statute was not intended in any manner to modify or alter the particular act.

> The judgment of the court below on the case stated is reversed, and it is ordered that judgment be entered for the defendant.